UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| Megan Daniels, Betsy Daniels, Chris Daniels, <br><br> Plaintiffs, <br><br> vs. <br><br> United Healthcare Services, Inc., <br><br> Defendant. | Civil File No. _____ <br><br> **NOTICE OF REMOVAL OF ACTION TO UNITED STATES DISTRICT COURT** |

PLEASE TAKE NOTICE that Defendant United Healthcare Services, Inc. ("United") hereby invokes this Court's jurisdiction pursuant to 28 U.S.C. §§ 1332(a) and 1441, and removes this action from state court to federal court pursuant to 28 U.S.C. § 1446.  Removal is proper on the following grounds:

**I.      THE STATE COURT ACTION**

1.      On November 15, 2019, Plaintiffs Megan Daniels, Betsy Daniels, and Chris Daniels ("Plaintiffs") filed a civil action in the Circuit Court of the State of Wisconsin for the County of Dane, captioned *Megan Daniels, et al. v. United Healthcare Services, Inc.*, No. 2019CV003172 (the "State Court Action").

2.      Service of process of the Summons and Complaint was effectuated on United's agent for service, CT Corporation, on November 18, 2019.  The Summons and Complaint constitute all the pleadings, process, and orders served in the State Court Action.  A copy of the Summons and Complaint is attached as Exhibit A.

3. In their Complaint, Plaintiffs, Wisconsin residents, allege that United "provided a policy of insurance to Plaintiffs" and "wrongfully and arbitrarily denied Plaintiffs claims for health coverage." Ex. A ¶ 44. The Complaint asserts causes of actions against United for: (1) breach of contract; (2) bad faith denial of insurance benefits; (3) violation of Wis. Stat. § 628.46, and (4) punitive damages. *Id.* ¶¶ 46-66.

## II. REMOVAL IS PROPER BASED ON DIVERSITY OF CITIZENSHIP

### A. Complete Diversity Exists

4. As set forth below, complete diversity exists between Plaintiffs and United.

#### 1. Citizenship of Plaintiffs

5. Plaintiffs Megan Daniels, Betsy Daniels, and Chris Daniels each allege that at all times relevant, they were "resident[s] of the State of Wisconsin." Ex. A ¶¶ 1-3. Plaintiffs do not allege any alternative state of residence. Accordingly, Plaintiffs are citizens of Wisconsin for purposes of determining diversity. *See* 28 U.S.C. § 1332(a).

#### 2. Citizenship of United

6. A corporation is a citizen of any State by which it has been incorporated and of the State where it has its principal place of business. 28 U.S.C. § 1332(c)(1). A corporation's "principal place of business" is "where a corporation's officers direct, control, and coordinate the corporation's activities." *Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010).

7. From the time Plaintiffs filed their Complaint through the date of removal, United was and remains a corporation incorporated in Minnesota with its principal place

of business in Minnesota. *See* Declaration of Elizabeth A. Soderberg ¶¶ 2-3. Therefore, United is a citizen of Minnesota for diversity purposes.

8. Because United is not a citizen of Wisconsin, complete diversity exits under 28 U.S.C. § 1332(a).

### B. The Amount in Controversy Exceeds $75,000

9. Plaintiffs omit from their Complaint any direct reference to the specific amount in controversy. Instead, they seek "compensatory damages that will justly compensate the Plaintiffs," an unspecified amount of punitive damages, and "reasonable attorneys' fees." Ex. A ¶¶ 52, 60, 64, 66, and Prayer for Relief.

10. Where, as here, a state court complaint does not state the amount in controversy, the removing party need only plausibly allege that the amount in controversy exceeds the $75,000 jurisdictional threshold. *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014). Here, the allegations in the Complaint together with the relief sought by Plaintiffs make it clear that the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a).

11. Plaintiffs allege, among other things, that they should be reimbursed for over $60,000 in health care expenditures. Ex. A ¶ 42-44. They also seek reimbursement for "substantial additional expense" incurred in connection with their claim for benefits. *Id.* ¶ 60. Those alleged compensatory damages alone may exceed the $75,000 jurisdictional limit.

12. Plaintiffs also seek punitive damages and attorneys' fees in connection with their claim of bad faith denial of insurance benefits. *Id.* ¶¶ 65-66, and Prayer for Relief.

3

Both punitive damages and attorneys' fees are included in the amount in controversy as long as they are available under the applicable law, as they purportedly are here. *See Bell v. Preferred Life Assurance Soc.*, 320 U.S. 238, 240 (1943); *Webb v. Fin. Indus. Regulatory Auth.*, 889 F.3d 853, 857 (7th Cir. 2018). Indeed, "[i]f punitive damages are available, subject matter jurisdiction exists unless it is 'legally certain' that the plaintiff will be unable to recover the requisite jurisdictional amount." *LM Ins. Corp. v. Spaulding Enterprises, Inc.*, 533 F.3d 542, 551 (7th Cir. 2008) (quotation omitted).

13. When viewed in combination with the other alleged damages, the punitive damages and attorneys' fees that Plaintiffs seek easily satisfy the jurisdictional minimum. *Cf. Lady Luck Enters., LLC v. Nat'l Indem. Co.*, 2017 U.S. Dist. LEXIS 217574, at *3-6 (E.D. Wis. Apr. 25, 2017) (finding jurisdictional threshold satisfied given potential for legal fees and punitive damages on Wisconsin bad-faith claim); *House v. State Farm Fire & Cas. Co.*, 2016 U.S. Dist. LEXIS 7709, at *2-3 (E.D. Wis. Jan. 20, 2016) (same); *Countrywide Home Loans, Inc. v. Stewart Title Guar. Co.*, 2007 U.S. Dist. LEXIS 21544, at *10-11 (E.D. Wis. Mar. 23, 2007) (same).

14. Although United denies that Plaintiffs are entitled to any damages, United has demonstrated it is more likely than not, based on the allegations in the Complaint, that the amount in controversy exceeds $75,000, exclusive of interest and costs.

## III.   ALL OTHER PROCEDURAL REQUIREMENTS ARE SATISFIED

15. The Notice of Removal is timely filed within 30 days of service of the Complaint, pursuant to 28 U.S.C. § 1446(b).

16. Venue lies in the United States District Court for the Western District of Wisconsin pursuant to 28 U.S.C. § 1441(a) because the State Court Action was filed in this District. *See* 28 U.S.C. § 130(b) ("The Western District comprises the counties of . . . Dane . . . .").

17. Pursuant to 28 U.S.C. § 1446(d), United is providing written notice of the filing of this Notice of Removal to all adverse parties, and filing a copy of this Notice with the Circuit Court of the State of Wisconsin for the County of Dane.

18. By this Notice of Removal, United does not waive, and expressly preserves, any objections to defects in process or service of process, jurisdiction, venue, or any other defense.

**WHEREFORE** Defendant United Healthcare Services, Inc. hereby removes this action to the United States District Court for the Western District of Wisconsin.

Dated: December 18, 2019             DORSEY & WHITNEY LLP

By */s/ Nicholas J. Bullard*
    Bryan C. Keane (#0328716)
    keane.bryan@dorsey.com
    Nicholas J. Bullard (#0397400)
    bullard.nick@dorsey.com
50 South Sixth Street, Suite 1500
Minneapolis, MN 55402
Telephone: (612) 340-2600
Facsimile: (612) 340-2868

*Attorney for Defendant United Healthcare Services, Inc.*