IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN
_____

MEGAN DANIELS, BETSY DANIELS
and CHRIS DANIELS,

    Plaintiffs,                                             ORDER

    v.                                                      19-cv-1038-wmc

UNITED HEALTHCARE SERVICES, INC.
and UNITED BEHAVORIAL HEALTH,

    Defendants.
_____

In their amended complaint, plaintiffs parents, Chris and Betsy Daniels, and their child, Megan Daniels, assert breach of contract, bad faith and other related state law claims against defendants United Healthcare Services, Inc. ("UHC") and its subsidiary United Behavioral Health for alleged wrongful denial of coverage for mental health treatment. (Dkt. #12.) Defendant UHC removed this action to federal court, invoking this court's diversity jurisdiction under 28 U.S.C. § 1332(a). (Dkt. #1.) Before the court is defendants' motion to dismiss the amended complaint. (Dkt. #20.)

In reviewing the amended complaint and the parties' briefing, however, it appears that *any* state law claims are preempted by the Employee Retirement Income Security Act ("ERISA), 29 U.S.C. § 1132(a). *See Aetna Health Inc. v. Davila*, 542 U.S. 200, 207-08 (2004) ("[w]hen the federal statute completely pre-empts the state-law cause of action, a claim which comes within the scope of that cause of action, even if pleaded in terms of state law, is in reality based on federal law" (internal citation and quotation marks omitted)). Nevertheless, while relying principally on ERISA cases to press their arguments for dismissal, defendants do not raise

preemption. Because the proper framing of plaintiffs' claims matters, the court will require the parties to brief whether plaintiffs' claims must be construed as breach of fiduciary duty claims under 29 U.S.C. § 1132 or related ERISA provisions.

Moreover, the parties should also address the impact of the court's decision on the motion to dismiss in *Berceanu v. UMR, Inc.*, No. 19-CV-568-WMC, 2021 WL 5918667 (W.D. Wis. Dec. 15, 2021), and specifically address whether plaintiffs' relief is limited to a remand for review of the denial of coverage. Alternatively, if plaintiffs truly intend to seek monetary relief for denied plan benefits, plaintiffs should discuss why they have not named the plan itself.

Defendants' supplemental brief is due on or before May 10, 2022; plaintiffs' response is due May 20, 2022.

Entered this 26th day of April, 2022.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge